## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **HENRY JONES,** *et al.*,<br>    **Petitioners,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **EP-20-CV-132-DB** |
| **THOMAS BERGAMI, Warden,**<br>    **Respondent.** | §<br>§<br>§ | |

### MEMORANDUM OPINION AND ORDER

Petitioners Henry Jones, Reg. No. 46810-112, Reginald Gilbert, Reg. No. 71075-280,

David Lopez, Reg. No. 17702-180, Victor Rabb, Reg. No. 50294-179, Cedric Washington, Reg.

No. 43639-279, and Abraham Delgado, Reg. No. 09618-051, petition the Court for injunctive

and declaratory relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a).    Pet'rs' Pet., ECF No.

1.    Petitioners name Thomas Bergami, Warden of the La Tuna Federal Correctional Institution

(FCI La Tuna) in Anthony, Texas, in his official capacity, as Respondent.    Petitioners, acting on

behalf of themselves and a prospective class, assert Respondent has failed to respond

appropriately to the COVID-19 pandemic.    Specifically, they declare Respondent has failed to

(1) provide adequate COVID-19 testing, (2) transfer at-risk inmates to home confinement, (3)

manage a potential COVID-19 outbreak in the prison, (4) provide information about COVID-19

to the families of prisoners, and (5) deport alien prisoners subject to removal proceedings

immediately to avoid their death in prison.    *Id.* at 2–3.    They ask the Court to appoint counsel to

assist them with their writ and to issue an order instructing the Bureau of Prisons (BOP) to

correct these purported failures "to avoid the casualties experienced in prisons throughout the

country."    *Id.* at 3.    In particular, they want the Court to order the BOP "to utilize its legislative

powers to transfer at risk inmates to home confinement . . . in the wake of the deadly COVID-19

pandemic." *Id.* at 1.   For the reasons discussed below, the Court will deny the petition.

## APPLICABLE LAW

" '[T]he All Writs Act is a residual source of authority [for a court] to issue writs that are

not otherwise covered by statute.' " *Carlisle v. United States*, 517 U.S. 416, 429 (1996)

(quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43

(1985).   The All Writs Act provides:

> The Supreme Court and all courts established by Act of Congress may issue all
> writs necessary or appropriate in aid of their respective jurisdictions and agreeable
> to the usages and principles of law.

28 U.S.C. § 1651(a).   "While the All Writs Act authorizes employment of extraordinary writs, it

confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction."

*Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) (quoting 28 U.S.C. § 1651(a)).   " 'Where a

statute specifically addresses the particular issue at hand, it is that authority, and not the All

Writs Act, that is controlling.' "   *Carlisle*, 517 U.S. at 429 (quoting *Pennsylvania Bureau of*

*Correction*, 474 U.S. at 43).   Furthermore, "injunctive relief under the All Writs Act is to be

used 'sparingly and only in the most critical and exigent circumstances.' "   *Brown v. Gilmore*,

533 U.S. 1301, 122 S. Ct. 1, 2, (2001) (quoting *Ohio Citizens for Responsible Energy, Inc. v.*

*NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers) (quoting *Fishman v. Schaffer*, 429

U.S. 1325, 1326 (1976) (Marshall, J., in chambers)).

The Court gleans from these cases that a petitioner must satisfy three elements before a

court may act in his behalf pursuant to the All Writs Act.   "First, 'the party seeking issuance of

the writ [must] have no other adequate means to attain the relief he desires.' "   *Cheney v. U.S.*

*Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (quoting *Kerr v. U. S. Dist. Court for N. Dist.*

*of California*, 426 U.S. 394, 403 (1976).   Second, the petitioner must satisfy " 'the burden of

showing that [his] right to issuance of the writ is "clear and indisputable." ' " *Id.* (quoting *Kerr*,

426 U.S. at 403) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

"Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its

discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citing

*Kerr*, 426 U.S. at 403) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 112, n. 8 (1964)).

## ANALYSIS

Petitioners ask the Court to intervene in their behalf and take control over Respondent's

management of a possible COVID-19 outbreak and FCI La Tuna.   Additionally, Petitioners ask

the Court to order the BOP to transfer inmates to home confinement.

The Court notes the President has declared a National Emergency due to the COVID-19

pandemic.   "Proclamation on Declaring a National Emergency Concerning the Novel

Coronavirus Disease (COVID-19) Outbreak," March 13, 2020, https://www.whitehouse.gov (last

visited May 15, 2020).   State and local governments have implemented measures to prevent its

rapid spread.   The BOP has modified its operations in accordance with its Coronavirus

(COVID-19) Action Plan to minimize the risk of COVID-19 transmission into and inside its

facilities.   "Federal Bureau of Prisons COVID-19 Action Plan," March 13, 2020,

https://www.bop.gov/resources/news/20200313_covid-19.jsp (last visited May 15, 2020).   The

Attorney General has directed the BOP "to immediately review all inmates who have COVID-19

risk factors, as established by the" Centers for Disease Control and Prevention (CDC).

"Increasing Use of Home Confinement at Institutions Most Affected by COVID-19," April 3,

2020, https://www.justice.gov /file/1266661/download (last visited May 15, 2020).

While the Court is aware of the measures taken by the BOP, news reports of the virus's

spread in detention centers demonstrate that individuals housed within prisons remain

particularly vulnerable to infection.   *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital: A Prison Braces for the Coronavirus,"* N.Y. Times (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, dearth of soap, hand sanitizer, and protective gear, and impossibility of maintaining safe distance between inmates and guards as reasons prisoners are at particular risk of infection).   Still, the Court is ill suited to manage the day-to-day health care of prisoners, especially during a health crisis.   As the Court noted above, the Attorney General and the BOP are implementing plans to control the spread of the CORONA-19 virus and are better suited to manage prisoner health care.   And the Court is mindful the Supreme Court has said "federal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment."   *Sandin v. Conner*, 515 U.S. 472, 482 (1995).

The Court accordingly finds that Petitioners have not met their burden of showing a clear and indisputable right to the issuance of the writ.   The Court further finds that granting a writ—which would result in the Court overseeing Respondent's management of a potential medical crisis—is not an appropriate use of judicial resources under the circumstances.

Furthermore, the Supreme Court has consistently held a prisoner has no constitutional right to confinement in any particular place—including in home confinement.   *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").   The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement—including home confinement.   *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir.

-4-

1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971).

The Court shares Petitioners' fears about the harm a COVID-19 outbreak may cause at FCI La Tuna. "There is no doubt that infectious diseases generally and COVID-19 specifically can pose a risk of serious or fatal harm to prison inmates." *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *3 (5th Cir. Apr. 22, 2020). But Congress is not ignoring these concerns. Section 12003(b)(2) of the recently enacted Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act) provides authority for the Attorney General to place more prisoners in home confinement:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 281.

Pursuant to this provision in the CARES Act, the Attorney General issued a memorandum on April 3, 2020, instructing the BOP to maximize transfer to home confinement of "all appropriate inmates held at . . . BOP facilities where COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/22/2020). The BOP is currently reviewing prisoners for release, removal, or furlough under the standards issued by the CDC for persons at heightened risk from COVID-19. The BOP may place Petitioners in home confinement upon the completion of an administrative review of their cases.

-5-

While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, it does not grant the courts the authority to order the placement of prisoners on home confinement. *See United States v. McCann*, No. 5:13-52, 2020 WL 1901089, at *3 (E.D. K Apr. 17, 2020) ("the Court has no authority under this provision to order that a prisoner be placed on home confinement"); *United States v. Read-Forbes*, CR 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("the Court lacks jurisdiction to order home detention under this provision"); *United States v. Doshi*, No. 13-CR-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 21, 2020) ("the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons"). Hence, the Court may not order a prisoner's placement in home confinement under the CARES Act.

Although a court may recommend placement in a specific facility, the determination of if and when a prisoner should serve the remainder of a sentence in home confinement is best left to the discretion, experience, and expertise of the BOP. *McKune*, 536 U.S. at 39. "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on humanitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

## CONCLUSION AND ORDER

Therefore, after due consideration, Court concludes that Petitioners have an adequate means to attain the relief they ultimately desire—placement in home confinement—through the CARES Act, Petitioners cannot met their burden of showing their right to the issuance of the writ is clear and indisputable, and the Court—in the exercise of its discretion—is not satisfied that the

issuance of a writ is appropriate under the circumstances presented in this case.   As a result, the

Court further concludes that Petitioners are not entitled to relief under the All Writs Act.

Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioners' "Suit for Injunctive or Declaratory Relief . . .

pursuant to . . . the All Writs Act . . . for Failure to Utilize its Legislative Powers to Transfer at

Risk inmates to Home Confinement . . . in the Wake of the Deadly COVIC-19 Pandemic" (ECF

No. 1) is **DENIED** and their suit is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioners' request for the appointment of Counsel

is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioners' request for class certification is

**DENIED.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this _21ST_ day of May 2020.

**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**